UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KONSTANTIN NIKOLAEV | * | CIVIL ACTION |
| | * | NO. |
| VS. | | |
| | * | SECTION |
| RAYMOND BALLARD, LLC "ALTERNATIVE", AND EUCLA INVESTMENTS LIMITED | * | |
| | | MAGISTRATE |
| *    *    *    *    *    *    *    *    * | | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendants Eucla Investments Limited ("Eucla") and LLC "Alternative" ("Alternative"), who respectfully file this Notice of Removal pursuant to 28 U.S.C. §§ 1334(b) and 1452 and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules"). Eucla and Alternative appear for the limited purpose of removal only. By filing this Notice of Removal, Eucla and Alternative do not waive any rights, claims, or defenses of any nature whatsoever, including but not limited to defenses relating to jurisdiction and venue, and do not concede that Plaintiff's allegations in this case state a valid claim under any applicable law. In support of removal, Eucla and Alternative hereby submit the following:

## RELEVANT BACKGROUND

1.

On September 26, 2016, non-party Amshale Energy, LLC (the "Debtor" or "Amshale") filed a Chapter 11 Voluntary Petition (the "Petition") in the United States Bankruptcy Court for

the Northern District of Texas, Dallas Division (the "Bankruptcy Court").  As reflected in its Petition and other Bankruptcy Court filings, true and correct copies of which are attached hereto as Exhibits A through C, Amshale's only asset of any significance is its equity interest in a Texas limited liability project company (the "Project Company").  In its filings with the Bankruptcy Court, the Debtor confirmed that this interest is not publicly traded and is held directly by the Debtor.  The Debtor's Bankruptcy Court filings also confirm that its equity interest in the Project Company is the Debtor's only asset.

2.

Defendant Alternative is a limited liability company duly organized under the laws of the Russian Federation, having its registered office and headquarters located at Bld. 39, str. 1, ul. Nizhnyaya, Krasnoselskaya, Moscow, Russian Federation 105066.  Alternative also holds an equity interest in the Project Company.  Like the Debtor's equity interest in the Project Company, Alternative's equity interest in the Project Company is governed by a comprehensive Amended and Restated Limited Liability Company Agreement (the "LLC Agreement"), which addresses both the management of the business and affairs of that company and the respective rights and obligations of the Project Company's members.  Both the Debtor and Alternative are signatories to the LLC Agreement.

3.

Plaintiff Konstantin Nikolaev ("Nikolaev" or "Plaintiff") is not a member of the Project Company and is not a signatory to the LLC Agreement.  Nor does the LLC Agreement give Nikolaev or other nonparties any individual rights with respect to the Project Company.  To the contrary, the LLC Agreement expressly states that it does not confer any legal or equitable rights

upon third parties such as Plaintiff, and that the LLC Agreement is for the "sole benefit" of the identified parties thereto. The LLC Agreement further states that it does not create or impose any fiduciary duties on the Project Company's members or their affiliates, and that any other such duties with respect to its members or affiliates are expressly waived. Plaintiff's only connection to the Project Company is indirect, as the holder of a minority equity interest in the Debtor.

4.

Eucla is a British Virgin Islands company with its registered address at Coastal Building, Wickham's Cay II, P.O. Box 2221, Road Town, Tortola, British Virgin Islands. Eucla is the Debtor's only secured creditor. On April 30, 2014, the Debtor, as borrower, and Eucla, as lender, entered into a Loan and Guaranty Agreement (the "Loan and Guaranty Agreement"), pursuant to which Eucla made a loan in the principal amount of $18,750,000 (the "Eucla Loan") to the Debtor to enable the Debtor to purchase its equity interest in the Project Company. At the time the Eucla Loan was made, Defendant Alternative owned a 50% equity interest in the Project Company. However, Alternative's equity interest in the Project Company is wholly distinct from the Eucla Loan and the 47.5% equity interest held by the Debtor. Eucla is not a member of the Project Company or a party to the LLC Agreement.

5.

On June 10, 2014, the Debtor, as pledgor, and Eucla, as pledgee, also entered into a Pledge Agreement (the "Pledge Agreement"), pursuant to which the Debtor granted Eucla an absolute and unconditional first-priority interest in the entirety of the Debtor's equity interest in the Project Company, the certificates representing those interests and all voting (and other) rights therein, all proceeds and other collateral received by the Debtor, and all books, records, and other

materials relating to any Eucla Loan collateral (collectively, the "Collateral").  The Debtor's Bankruptcy Court filings acknowledge that secured interest.  *See* Ex. B at 5.

6.

The Debtor failed to repay the Eucla Loan on its stated maturity date of March 15, 2015. Despite multiple extensions and amendments, the Debtor also failed to make any payment to Eucla on various extended maturity dates agreed to by the Debtor and Eucla, with September 1, 2016 as the final extended maturity date.  On September 16, 2016, Eucla therefore provided the Debtor with formal Notice that it was in material breach of its payment obligations, as well as in default of various other obligations under the Eucla Loan documents.  Eucla further notified the Debtor that its failure to pay all outstanding amounts owed within five business days would constitute an additional Event of Default covered by Section 6.1 of the Loan and Guaranty Agreement, and that Eucla would exercise all rights, powers, and remedies afforded to it under the Loan Documents.

7.

However, no payment by the Debtor was forthcoming.  Instead, the Debtor filed its bankruptcy Petition on the fifth business day after the Debtor received Eucla's above-referenced Notice.

8.

On October 6, 2016, Plaintiff filed his Original Petition for Damages, Declaratory Judgment, Fraud, Breach of Fiduciary Duty, and Detrimental Reliance (the "State Court Petition") against named Defendants Raymond Ballard ("Ballard"), Alternative, and Eucla in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2016-9959 (the "State

Court Proceeding"). A true and correct copy of the State Court Petition is attached hereto as Exhibit D.

9.

In his State Court Petition, Plaintiff asserts a series of purported claims against Defendants for fraud, unfair trade practices, breach of fiduciary duty, and detrimental reliance, alleging that Ballard, Alternative, Eucla, and various other non-parties (including Plaintiff's fellow members in the Debtor) acted in concert to violate the LLC Agreement governing the Debtor's interest in the non-party Project Company. More specifically, Plaintiff alleges that Alternative violated the Project Company's LLC Agreement by agreeing to sell its Project Company ownership units to two "minority shareholders" in Debtor; that the Project Company's LLC Agreement was further violated by Defendant Ballard's transfer of $6 million from the Project Company to those same non-party "minority shareholders" so that they could pay for those units, in derogation of the Project Company's "organizational documents"; and that these actions purportedly harmed both the Project Company and the Debtor. *See* Ex. D. Although his claims are premised on the LLC Agreement and the purported harm caused to Debtor – which is the Project Company's minority member – Plaintiff purports to seek a judgment in his personal capacity against all of the Defendants on the basis of fraud, unfair trade practices, and detrimental reliance, and against Ballard and LLC Alternative for breach of "fiduciary" duty. *See id.* Plaintiff also seeks a declaratory judgment nullifying any Project Company unit transfer transaction involving LLC Alternative and preventing Eucla from enforcing its separate guaranty rights as against Plaintiff as a result of other parties' alleged breaches of the Project Company's LLC Agreement. *See id.*

10.

Plaintiff's allegations are false and fundamentally inconsistent with the corporate actions taken by the Debtor and its management, including but not limited to Debtor's express written consent to the Alternative unit purchase sale that Plaintiff now claims was "without proper authorization" and "in violation of the Project Company's organizational documents."  More importantly for the purposes of this Notice of Removal, however, Plaintiff's own pleadings confirm that his claims in the State Court Proceeding are wholly premised on alleged breaches of an LLC Agreement to which Plaintiff is not a party.  The State Court Petition further confirms that Plaintiff's only alleged interest in non-party Project Company is indirectly through the *Debtor* – the actual party to the LLC Agreement – alongside his "joint [Debtor] shareholders," and that Plaintiff's only interest in the Project Company is through the *Debtor*, which Plaintiff references as a "holding company" or "Holdco."  Ex. D ¶¶ 8, 23, 28.  By asserting claims that are expressly and exclusively based on purported "violations" of the LLC Agreement and the Project Company's "organizational documents," Plaintiff asserts claims that do not belong to him and are subject to the direct oversight of the Bankruptcy Court.

11.

No additional pleadings and proceedings have occurred in the State Court Proceeding as of the date of the filing of this Notice of Removal.

## **PROCEDURE**

12.

Defendants Eucla and Alternative seek removal of this suit pursuant to 28 U.S.C. §§ 1334(b) and 1452 and Federal Bankruptcy Rule 9027(a)(3).

**TIMELINESS**

13.

This Notice of Removal is timely.  Defendants' time to respond to the State Court Petition has not expired and Defendants have not served or filed a responsive pleading.  No motions or other legal process are pending in the State Court Proceeding.

14.

According to Federal Bankruptcy Rule 9027(a)(3), a notice of removal of a civil action commenced after the filing of a bankruptcy petition may be filed with the Clerk of Court within the shorter of (a) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (b) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.  Under controlling precedent, the applicable removal period is measured from the date(s) of valid service of process.  *See, e.g.*, *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210-11 (5th Cir. 2005) (holding that 30-day removal period commences upon formal service of process, not merely upon receipt of notice of the complaint through "informal channels") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)); *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 558 (E.D.N.Y. 2010) (removal proper where defendant seeking removal had not been served when notice of removal was filed).

15.

Notwithstanding its filing of the State Court Petition on October 6, 2016, Plaintiff does not appear to have undertaken any affirmative efforts to serve Alternative or Eucla until early November.  Moreover, as of the date of the filing of this Notice of Removal, Eucla and

Alternative still have not been properly served with the State Court Petition or associated citation in the manner required by applicable law. The filing of this Notice of Removal is thus timely. Eucla and Alternative have filed this Notice of Removal in an abundance of caution, given Plaintiff's stated position that service was made (a) on Eucla by Federal Express delivery in the British Virgin Islands on November 10, 2016, (b) on Eucla by Federal Express delivery in Cyprus on November 14, 2016, and (c) on Alternative by Federal Express delivery in Russia on November 11, 2016. Eucla and Alternative reserve all of their rights and objections with respect to service of process and this Court's exercise of personal jurisdiction over the undersigned Defendants.

## **JURISDICTION**

16.

Sections 1334 and 1452 of Title 28 of the U.S. Code collectively state that the U.S. District Court has original jurisdiction over all matters "arising under" or "related to" cases under Title 11.

17.

Although the Bankruptcy Code does not define "related matters," the Fifth Circuit has determined that a matter is "related" for § 1334 purposes when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (internal citations and quotations omitted; emphasis in original). More specifically, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt

estate." *FDIC v. Majestic Energy Corp. (In re Majestic Energy Corp.)*, 835 F.2d 87, 90 (5th Cir. 1988) (internal citations and quotations omitted).

18.

For federal jurisdiction to attach in this case, it is thus only necessary that the State Court Proceeding could conceivably "(1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *Bissonnet Invs. LLC v. Quinlan (In re Bissonnet Invs. LLC)*, 320 F.3d 520, 525 (5th Cir. 2003); *see also Smith v. Lucent Techs., Inc.*, No. Civ. A. 02-0481, 2004 WL 515769, at *4 (E.D. La. Mar. 16, 2004) (finding relatedness test met where "recovery in favor of the Trustee is conceivable and such recovery would have an effect on both [debtor's] obligations in bankruptcy and on the administration of the estate").

19.

The "related to" test is readily met in this case. Here, Plaintiff's State Court Petition alleges claims that are premised wholly on the Debtor's purported rights under the Project Company's LLC Agreement. The Debtor, not Plaintiff, is the party to that agreement and the "organizational documents" that govern the rights and responsibilities of the Project Company's members. The LLC Agreement also is clear on its face that it does not grant any rights to third parties. Moreover, to the extent that Plaintiff's derivative claims in the State Court Proceeding purport to allege underlying breaches of the LLC Agreement resulting from Alternative's sale of Project Company units, such claims directly implicate the Debtor's own pre-Petition conduct and actions taken by Plaintiff's fellow Amshale members that Plaintiff now claims were without "proper authorization" – especially given that the Debtor expressly consented to the unit sale

transaction that Plaintiff now challenges.  Such claims necessarily implicate the rights, obligations, and causes of action of the Debtor.  Moreover, to the extent that Plaintiff is attempting to assert derivative claims that do not belong to him in a personal capacity, those claims potentially impact the assets of the Debtor's estate.  The outcome of the State Court Proceeding thus could affect the rights and obligations of Debtor, as well as the distribution and administration of the estate.  *See Stanley v. Trinchard*, 500 F.3d 411, 418 (5th Cir. 2007) (holding that "legal or equitable interests" of the debtor in property includes "causes of action belonging to the debtor at the time the case is commenced"); *Smith*, 2004 WL 515769, at *4 (finding jurisdiction under § 1334(b) where pending litigation could increase the estate's property"); *Gandy v. Peoples Bank & Trust Co.*, 224 B.R. 340, 346 (S.D. Miss. 1998) (finding that case was properly removed under § 1452(a) and jurisdiction was proper under § 1334(b) where plaintiff's claims were part of the bankruptcy estate).  Accordingly, removal of the State Court Proceeding is warranted.

### **RECORD**

20.

A certified copy of the entire State Court record is attached hereto as Exhibit E.

### **CONSENT OF ALL DEFENDANTS IS NOT REQUIRED**

21.

Under 28 U.S.C. § 1452 and prevailing law in this and other Circuits, the consent of all defendants is not necessary to this Notice of Removal.  *See, e.g.*, *In re Guerrero*, No. 12-03524, 2013 WL 6834642, at *4-5 (Bankr. S.D. Tex. Dec. 20, 2013); *Anstine & Musgrove, Inc. v. Calcasieu Ref. Co.*, 436 B.R. 136, 138-39, 142 (D. Kan. 2010); *Everett v. Friedman's, Inc.*, 329

B.R. 40, 41-42 (S.D. Miss. 2005); *Joe Conte Toyota, Inc. v. Howell,* No. Civ. A. 97-0686, 1997 WL 222410, at *1 (E.D. La. Apr. 30, 1997); *see also In re Performance Interconnect Corp.*, No. 07-3100, 2007 WL 2088281, at *5 n.5 (Bankr. N.D. Tex. July 19, 2007); *In re Enron Corp. Sec. Deriv. & "Erisa" Litig.*, Nos. 01-3624, 05-0774, 2005 WL 6220721, at *3 n.11 (S.D. Tex. July 25, 2005); *J.T. Thorpe Co. v. American Motorists*, No. 02-4598, 2003 WL 23323005, at *4 n.4 (S.D. Tex. June 9, 2003).  *But cf. Orion Ref. Corp. v. Fluor Enters., Inc.*, 319 B.R. 480, 485-86 (E.D. La. 2004).

**RELATED PROCEEDING**

22.

At a minimum, this matter is a related proceeding.  By asserting their rights to removal under 28 U.S.C. §§ 1334(b) and 1452 and Federal Bankruptcy Rule 9027(a)(3), Eucla and Alternative do not consent to trial and/or entry of final orders or judgment(s) in this proceeding by any bankruptcy court judge.

**VENUE**

23.

This action is removable to this Court pursuant to 28 U.S.C. § 1452 and Federal Bankruptcy Rule 9027 because the Eastern District of Louisiana is the district in which the State Court Proceeding is pending.  Eucla and Alternative reserve all of their rights with respect to the proper venue of this action, including but not limited to the right to seek the transfer of this action to a different venue.

## NOTICE TO ALL PARTIES

24.

All parties are being provided with written notice of the filing of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

**WHEREFORE**, Eucla and Alternative pray that the action currently pending before the Civil District Court for the Parish of Orleans, Louisiana entitled <u>Konstantin Nikolaev vs. Raymond Ballard, LLC "Alternative", and Eucla Investments Limited</u>, Civil Action No. 2016-9959, Div. C, Section 10, be removed to this Honorable Court and for such other and further relief to which they may be entitled in law and equity.

Respectfully submitted,

ADAMS AND REESE LLP

*/s/Robin B. Cheatham*
Robin B. Cheatham (#4004)
Scott R. Cheatham (#31658)
4500 One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA  70139
Telephone:  504-585-0213
Fax:  504-566-0210

*Attorneys for Defendants Eucla Investments Limited and LLC "Alternative"*

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on this 9th day of December 2016, served a copy of the foregoing pleading by mailing the same by United States Mail, properly addressed, and first class postage prepaid on the following:

| | |
|---|---|
| Mr. James M. Williams | Mr. Raymond Ballard |
| Chehardy, Sherman, Williams, | 3554 Inwood Avenue |
|   Murray, Recile, Stakelum, & Hayes, LLP | New Orleans, LA 70131 |
| One Galleria Boulevard, Suite 1100 | |
| Metairie, LA 70001 | |

*/s/Robin B. Cheatham*
ROBIN B. CHEATHAM