**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | |
| **Konstantin Nikolaev,** | * | **CIVIL ACTION NUMBER: 16-17013** |
| | * | |
| **Plaintiff** | * | **SECTION: "J" (3)** |
| | * | |
| **versus** | * | **JUDGE CARL J. BARBIER** |
| | * | |
| **Raymond Ballard, LLC "Alternative",** | * | **MAGISTRATE JUDGE** |
| **and Eucla Investments Limited,** | * | **DANIEL E. KNOWLES, III** |
| | * | |
| **Defendants** | * | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANTS**
**LLC "ALTERNATIVE" AND EUCLA INVESTMENTS LIMITED**
**TO DISMISS PLAINTIFF'S PETITION PURSUANT TO**
**RULES 12(b)(6), 9(b), AND 12(b)(5) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

ADAMS AND REESE LLP
Robin B. Cheatham (#4004)
Scott R. Cheatham (#31658)
4500 One Shell Square
New Orleans, LA  70139
(504) 585-0213

-and-

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
Stephen M. Juris (*pro hac vice* admission pending)
Neaha P. Raol (*pro hac vice* admission pending)
One New York Plaza
New York, NY 10004
(212) 859-8000

*Attorneys for Defendants LLC "Alternative"*
*and Eucla Investments Limited*

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF ALLEGED FACTS .......................................................................................3

ARGUMENT ...............................................................................................................................4

      A.      Plaintiff Failed to Properly Serve Moving Defendants ...........................................5

      B.      Plaintiff Lacks Standing to Assert Any of His Claims ...........................................6

      C.      Plaintiff Does Not Plead Breach of Any Fiduciary Duty ......................................10

      D.      Plaintiff's Vague Fraud Allegations Do Not State a Claim ..................................14

      E.      Plaintiff Does Not State a Claim for Unfair Competition.....................................20

      F.      Plaintiff Does Not State A Claim for Detrimental Reliance .................................23

      G.      Plaintiff's Requested Relief is Improper...............................................................24

CONCLUSION ...........................................................................................................................25

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                **Page**

*Agem Mgmt. Servs., LLC v. First Tenn. Bank Nat'l Assn.*,
    942 F. Supp. 2d 611 (E.D. La. 2013) ............................................................................4, 5

*Alford v. Chevron U.S.A. Inc.*,
    13 F. Supp. 3d 581 (E.D. La. 2014) ...............................................................................15

*Am. Nat'l Bank of Austin v. MortgageAmerica Corp.*,
    714 F.2d 1266 (5th Cir. 1983) ..........................................................................................8

*Am. River Transp. Co. v. M/V Bow Lion*,
    No. Civ. A. 03-1306, 2004 WL 764181 (E.D. La. Apr. 6, 2004) ...................................5, 6

*Andrus v. Andrus*,
    634 So.2d 1254 (La. App. 1994) .....................................................................................23

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................................4, 5

*Avdeef v. Royal Bank of Scotland, P.L.C.*,
    616 Fed. App'x 665 (5th Cir. 2015) ...............................................................................5, 6

*Barrera v. Cherer*,
    No. 04-13-00612-CV, 2014 WL 1713522 (Tex. App. Apr. 30, 2014) ...............................7

*Becnel v. Grodner*,
    982 So.2d 891 (La. App. 2008) ..................................................................................14, 16

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................................4-5

*Blades v. Ill. Cent. R.R.*,
    Nos. 02-3242, 02-3276, 02-3327, 2003 WL 1193662 (E.D. La. Mar. 12, 2003) ...............6

*Bonvillain v. La. Land & Exploration Co.*,
    702 F. Supp. 2d 667 (E.D. La. 2010) ........................................................................16, 19

*Brees v. Houser*,
    No. 13-4760, 2014 WL 3587333 (E.D. La. July 21, 2014) .............................................10

*Broussard v. Tipton*,
    No. 2013-1268, 2014 WL 3559371 (La. App. 2014) ......................................................12

*Brunswick Corp. v. Bush*,
    829 S.W.2d 352 (Tex. App. 1992) ..................................................................................10

*Burns v. Wells Fargo Bank NA*,
    No. 3:14-CV-3866-G-BH, 2015 WL 5851376 (N.D. Tex. Oct. 7, 2015) ........................15

**Page**

*Cakebread Art Antiques Collectables, Inc. v. Keno,*
    No. 16-12737, 2016 WL 6679990 (E.D. La. Nov. 14, 2016) ...........................................23

*Caplan v. Ochsner Clinic, L.L.C.,*
    799 F. Supp. 2d 648 (E.D. La. 2011) .........................................................................23

*Cargill Inc. v. Degesch Am., Inc.,*
    875 F. Supp. 2d 667 (E.D. La. 2012) .........................................................................22

*C.H. Leavell & Co. v. Glantz Contracting Corp. of La., Inc.,*
    322 F. Supp. 779 (E.D. La. 1971) ...............................................................................9

*Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.,*
    35 So.3d 1053 (La. 2010).....................................................................................20, 22

*Clark v. America's Favorite Chicken Co.,*
    916 F. Supp. 586 (E.D. La. 1996) ..........................................................................21, 22

*Collins v. Morgan Stanley Dean Witter,*
    224 F.3d 496 (5th Cir. 2000) .....................................................................................4

*Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.,*
    220 F.3d 396 (5th Cir. 2000) ...................................................................................20

*Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.,*
    823 S.W.2d 591 (Tex. 1992)................................................................................. 12-13

*Davis-Lynch, Inc. v. Asgard Techs., LLC,*
    472 S.W.3d 50 (Tex. App. 2015).................................................................................16

*Dignam v. Chumley,*
    No. 14-1029, 2014 WL 3542122 (W.D. La. July 17, 2014) .........................................15

*Donaldson v. United Cmty. Ins. Co.,*
    741 So.2d 676 (La. App. 1999)............................................................................... 9-10

*Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.,*
    376 F.3d 399 (5th Cir. 2004) .................................................................................23-24

*Dunham-Price Grp., L.L.C. v. Port Aggregates, Inc.,*
    No. 05 CV 2214, 2006 WL 2112953 (W.D. La. July 26, 2006).....................................9

*First Union Nat'l Bank v. Richmont Capital Partners I, L.P.,*
    168 S.W.3d 917 (Tex. App. 2005).................................................................................9

*Fowler v. Montis,*
    No. 13-13-00581-CV, 2014 WL 6602288 (Tex. App. Nov. 20, 2014) ............................7

*Garcia v. Lucero,*
    366 S.W.3d 275 (Tex. App. 2012)...............................................................................24

**Page**

*Gearhart Indus. v. Smith Int'l*,
    741 F.2d 707 (5th Cir. 1984) ......................................................................7, 13

*Green v. Guidry*,
    No. 11-2466, 2012 WL 5507286 (E.D. La. Nov. 14, 2012) ..................17, 20, 21

*Greene v. Gulf Coast Bank*,
    593 So.2d 630 (La. 1992).............................................................................16

*Hardwick v. Smith Energy Co.*,
    500 S.W.3d 474 (Tex. App. 2016)................................................................11

*In re Chiron Equities*,
    552 B.R. 674 (Bankr. S.D. Tex. 2016) .....................................................8, 11

*In re Gulf States Long Term Acute Care of Covington, L.L.C.*,
    Nos. 11-1659, 13-508, 2014 WL 1600373 (E.D. La. Apr. 21, 2014) .............16, 17, 18, 19

*JBM Equity Partners, LLC v. Central Progressive Bank*,
    No. 10-1032, 2013 WL 139889 (E.D. La. Jan. 10, 2013)...........................18, 19

*Johnson v. King*,
    541 B.R. 404 (Bankr. N.D. Tex. 2015) ........................................................8

*Jones v. Blume*,
    196 S.W.3d 440 (Tex. App. 2006)............................................................ 10-11

*Jones v. Wells Fargo Bank, N.A.*,
    No. 4:12cv446, 2013 WL 4414321 (E.D. Tex. Aug. 13, 2013).................. 11-12

*Joseph v. Hosp. Serv. Dist. No. 2*,
    939 So.2d 1206 (La. 2006).........................................................................7

*Kuklachev v. Gelfman*,
    No. 08-CV-2214, 2008 WL 5068860 (S.D.N.Y. Nov. 24, 2008).......................6

*Landreneau v. Fleet Fin. Grp.*,
    197 F. Supp. 2d 551 (M.D. La. 2002)......................................... 12, 17-18, 22

*Landry v. Base Camp Mgmt., LLC*,
    015 CA 1377, 2016 WL 6426618 (La. App. 2006) ..........................................9

*Lang v. Sproull*,
    36 So.3d 407 (La. App. 2010)......................................................................22

*Lilawanti Enters. v. Walden Book Co.*,
    670 So.2d 558 (La. App. 1996).....................................................................20

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) .......................................................................4

**Page**

*Mathews v. Bancorpsouth Bank*,
    No. 09-910-JJB, 2010 WL 797790 (M.D. La. Mar. 1, 2010) .......................................10, 13

*Matter of Consolidated Bancshares, Inc.*,
    785 F.2d 1249 (5th Cir. 1986) ........................................................................................8

*McCoy v. Housing Auth. of New Orleans*,
    No. 15-398, 2015 WL 9204434 (E.D. La. Dec. 17, 2015)...................................................5

*MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*,
    995 S.W.2d 647 (Tex. 1999)....................................................................................9, 10

*Med. Specialist Grp., P.A. v. Radiology Assocs., L.L.P.*,
    171 S.W.3d 727 (Tex. App. 2005)............................................................................11, 13

*Meredith v. Rose*,
    No. 05-15-00045-CV, 2016 WL 4205686 (5th Cir. Aug. 9, 2016) ...................................13

*Metro. Life Ins. Co. v. Haden & Co.*,
    No. 97-20490, 1998 WL 648603 (5th Cir. Sept. 9, 1998) ................................................19

*Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*,
    625 F. App'x 617 (5th Cir. 2015) ..................................................................................14

*NorthShore Reg'l Med. Ctr., L.L.C. v. Dill*,
    115 So.3d 475 (La. App. 2013)....................................................................................5, 6

*Nuovo Pignone, SpA v. Storman Asia M/V*,
    310 F.3d 374 (5th Cir. 2002) ......................................................................................5, 6

*Nussli US, LLC v. Nola Motorsports Host Comm., Inc.*,
    No. 15-2167, 2016 WL 4064011 (E.D. La. July 29, 2016) ...................... 14-15, 16, 20, 21

*Omnitech Int'l, Inc. v. Clorox Co.*,
    11 F.3d 1316 (5th Cir. 1994) ........................................................................................24

*Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs. LLC*,
    No. 12-1979, 2015 WL 4254130 (E.D. La. July 13, 2015) ...................................15, 16, 19

*Orr v. Bancroft Bag, Inc.*,
    687 So.2d 1068 (La. App. 1997)....................................................................................23

*Paul v. La. State Employees' Grp. Benefits Program*,
    762 So.2d 136 (La. App. 2000)........................................................................................9

*Peaker Energy Grp., LLC v. Cargill, Inc.*,
    No. 14-2106, 2015 WL 4879415 (E.D. La. Aug. 13, 2015) ...........................................18

*Pearl River Basin Land & Dev. Co., L.L.C. v. State*,
    29 So.3d 589 (La. App. 2009)........................................................................................9

**Page**

*Pinero v. Jackson Hewitt Tax Serv. Inc.*,
 594 F. Supp. 2d 710 (E.D. La. 2009) ..................................................15, 18, 21

*Priola Constr. Corp. v. Profast Dev. Grp., Inc.*,
 21 So.3d 456 (La. App. 2009) ...............................................................10

*Scheffler v. Adams & Reese, LLP*,
 950 So.2d 641 (La. 2007)......................................................................10

*Scherrer v. Haynes & Boone, L.L.P.*,
 No. 09-99-01164-CV, 2002 WL 188825 (Tex. App. Feb. 7, 2002) .........................11, 12

*Schenck v. Living Centers-East, Inc.*,
 917 F. Supp. 432 (E.D. La. 1996) ...........................................................20

*Sears Roebuck & Co. v. ACM Eng'g & Envtl. Servs.*,
 No. 14-11-00363-CV, 2012 WL 1137912 (Tex. App. Apr. 3, 2012) .................................9

*Shaw Indus., Inc. v. Brett*,
 884 F. Supp. 1054 (M.D. La. 1994)........................................................21, 22

*Sheets v. Yamaha Motors Corp., U.S.A.*,
 891 F.2d 533 (5th Cir. 1990) ...................................................................5

*Sherman v. Boston*,
 486 S.W.3d 88 (Tex. App. 2016)..............................................................7, 8

*Shreveport v. Gulf Oil Corp.*,
 431 F. Supp. 1 (W.D. La. 1975)...............................................................9

*Stewart Family Funeral Home, Ltd. v. Funeral Directors' Life Ins. Co.*,
 410 F. Supp. 2d 514 (E.D. Tex. 2006).......................................................7

*Sullivan v. Leor Energy, LLC*,
 600 F.3d 542 (5th Cir. 2010) ................................................................18

*Sw. Bell Tel. Co. v. DeLanney*,
 809 S.W.2d 493 (Tex. 1991).................................................................14

*Tawes v. Barnes*,
 340 S.W.3d 419 (Tex. 2011)...................................................................9

*Tow v. Bulmahn*,
 No. 15-3141, 2016 WL 1722246 (E.D. La. Apr. 29, 2016)..........................10, 11, 12, 13

*Trevino & Assocs. Mech., L.P. v. Frost Nat. Bank*,
 400 S.W.3d 139 (Tex. App. 2013)..........................................................23-24

*TS&C Invs. L.L.C. v. Beusa Energy, Inc.*,
 637 F. Supp. 2d 370 (W.D. La. 2009)......................................................13-14

**Page**

*Tulane Educ. Fund v. Biomeasure, Inc.*,
   No. 08-5096, 2011 WL 3268108 (E.D. La. July 28, 2011) ................................................22

*Turner v. Purina Mills. Inc.*,
   989 F.2d 1419 (5th Cir. 1993) ...............................................................................21, 22

*United Grp. of Nat'l Paper Distribs., Inc. v. Vinson*,
   666 So.2d 1338 (La. App. 1996) ...............................................................................21

*United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
   336 F.3d 375 (5th Cir. 2003) ...............................................................................17, 18

*Williams v. Nelson*,
   No. 04-C-774-C, 2005 WL 755770 (W.D. Wis. Mar. 29, 2005) ................................. 24-25

*Wingate v. Hajdik*,
   795 S.W.2d 717 (Tex. 1990) ...............................................................................7

**Statutes**

11 U.S.C. § 362 ...............................................................................6

11 U.S.C. § 541(a)(1) ...............................................................................7

28 U.S.C. § 1334(b) ...............................................................................1

28 U.S.C. § 1452 ...............................................................................1

La. Civ. Code art. 1953 ...............................................................................14

La. Rev. Stat. Ann. § 51:1405(A) ...............................................................................20

Tex. Bus. Orgs. Code Ann. § 101.106(b) ...............................................................................8

Tex. Bus. Orgs. Code Ann. § 101.401 ...............................................................................11

**Rules**

Federal Bankruptcy Rule 9027(a)(3) ...............................................................................1

Federal Rules of Civil Procedure 9(b) ...............................................................................1, 2, 14, 15

Federal Rules of Civil Procedure 12(b)(5) ...............................................................................1, 5, 6

Federal Rules of Civil Procedure 12(b)(6) ...............................................................................1

Defendants LLC "Alternative" ("Alternative") and Eucla Investments Limited ("Eucla") (collectively, "Moving Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss Plaintiff's Petition pursuant to Rules 12(b)(6), 9(b), and 12(b)(5) of the Federal Rules of Civil Procedure.[1]  The Petition does not state a claim for fraud, breach of fiduciary duty, unfair trade practices, or detrimental reliance against Moving Defendants. Plaintiff's failure to properly serve Moving Defendants also requires dismissal under Rule 12(b)(5).

## PRELIMINARY STATEMENT

In his Petition, Plaintiff Konstantin Nikolaev ("Plaintiff" or "Nikolaev") tells a circuitous tale of "unauthorized" corporate transactions, "improper" agreements, and purported contract "violations." Specifically, he alleges breach of the Amended and Restated Limited Liability Company Agreement governing non-party American Ethane Company, LLC ("AEC") (the "AEC LLC Agreement"), the Texas "Project Company" at the center of Plaintiff's claims.  He accuses Alternative of selling its AEC membership units in "violation of the [AEC] LLC Agreement." Pet. ¶¶ 42, 43, 65.  And he blames defendants for "adversely impact[ing] the Project Company" by allowing that transaction to proceed.  Pet. ¶¶ 48, 62, 68.

However, as both the Petition and its referenced "organizational documents" confirm, Nikolaev is *not* a party to the AEC LLC Agreement and holds no membership interest in AEC. That agreement also plainly states that it is for the "sole benefit" of its members, does not create any third party "right, benefit or remedy of any nature whatsoever," and that even its members waived any fiduciary duties to each other under Texas law.  Ex. B §§ 11.2(a), 15.9.  Nikolaev's only connection to AEC is through his minority interest in non-party "Holdco" Amshale Energy,

---

[1] On October 6, 2016, Plaintiff filed his original Petition ("Pet.") in the Civil District Court for the Parish of Orleans. *See* Ex. A.  Moving Defendants removed this case pursuant to 28 U.S.C. §§ 1334(b) and 1452 and Federal Bankruptcy Rule 9027(a)(3).  *See* ECF No. 1.  Plaintiff has not challenged Moving Defendants' basis for removal. All references to exhibits herein (e.g., "Ex. A") refer to the exhibits annexed to the Declaration of Robin B.

LLC ("Amshale").  However, Nikolaev's indirect interest in Amshale does not give him any right to assert personal claims, and Amshale's pending Chapter 11 proceedings in the Northern District of Texas preclude Nikolaev from purporting to assert any claims on its behalf.

Even without these fundamental infirmities, the Petition does not plead viable claims. Nikolaev protests that Alternative's December 2015 sale of AEC membership units "violated" the AEC LLC Agreement, but his Petition specifically acknowledges that Alternative obtained a "waiver" in which Amshale and the requisite 90% of AEC's other members expressly consented to that same transaction.  *See* Pet. ¶ 43; Ex. C.  Nikolaev accuses Moving Defendants of breaching their "fiduciary duties" to him, but does not plead any facts establishing such duties and AEC's "organizational documents" confirm that even its members waived fiduciary duties. Plaintiff claims "fraud" and "unfair trade practices," but does not identify a single misstatement or deceptive practice with the particularity required by Rule 9(b).  He alleges "detrimental reliance," but only claims an "assurance that [AEC] would operate in accordance with its LLC Agreement" – an agreement that Nikolaev has no right to enforce, and which was never breached.  Pet. ¶ 67.

This disconnect between Plaintiff's rhetoric and the Petition's factual support extends to his claims against individual defendants.  Plaintiff accuses defendants generally of "improper" and "clandestine" conduct.  Pet. ¶¶ 21, 35, 41, 43, 55, 60, 65.  However, the Petition pleads no factual connection between Eucla and the unit sale transaction about which Nikolaev complains. Further, although the Petition makes "information and belief" accusations against Defendant Ballard for purportedly transferring AEC funds to two of Nikolaev's fellow Amshale "minority shareholders" (his business partners Mikhail Yuriev and Andrey Kunatbaev), nowhere does it plead any facts indicating that Moving Defendants were responsible for that transfer.  Pet. ¶ 29.

---

Cheetham.

Indeed, in connection with a pending Eucla summary judgment motion in New York arising from unconditional guarantees that Nikolaev and his Amshale business partners gave to Eucla, Nikolaev has represented that these funds constituted "a *loan* from American Ethane itself."[2]  *See* Ex. D at 7 (emphasis added).   Whatever claims Nikolaev may have against AEC CEO John Houghtaling II or his other Amshale business partners and "minority shareholders" Yuriev and Kunatbaev as a result of that loan, Moving Defendants are not alleged to have controlled AEC's actions.

In short, Plaintiff's claims either have nothing to do with Plaintiff, nothing to do with Moving Defendants, or do not add up to claims against Eucla or Alternative.  Plaintiff's failure to serve Moving Defendants using required Hague Convention procedures also requires dismissal.

## STATEMENT OF ALLEGED FACTS

The Petition offers up an extended preamble regarding the purported history of nonparty "Project Company" AEC and its project development efforts.   Reduced to their essentials, however, the Petition and its referenced documents indicate the following:

- That in 2014, Texas limited liability company AEC was established to pursue a project to develop a downstream oil and gas infrastructure project (Pet. ¶¶ 10, 13-14);

- That AEC's members, including Alternative, entered into the AEC LLC Agreement, which governs the rights and obligations of its members and contains certain provisions restricting members' transfer of their membership units (Pet. ¶¶ 13, 27, 39, 42-43; Ex. B);

- That Nikolaev is not a member of AEC or a party to the AEC LLC Agreement, which specifically states that it is for the "sole benefit" of its members and that nonparties have no legal or other rights or benefits under that agreement (Ex. B §§ 1.1, 15.9, Schedule I);

---

[2] On October 13, 2016, Eucla served and filed summary judgment papers in New York to enforce unconditional loan guarantees supplied to Eucla by Nikolaev, Houghtaling Enterprises LLC, Yuriev, and Kunatbaev.  *See Eucla Invs. Ltd. v. Houghtaling Enters., LLC*, Index No. 655429/2016 (N.Y. Sup. Ct.).  The Eucla loan and its associated guarantees are governed by a New York choice of law and forum selection clause, and briefing on Eucla's summary judgment motion will be deemed fully submitted on January 28, 2017.

- That $50 million in initial startup capital was transferred to AEC in 2014, with $25 million being transferred by Alternative and $23.5 million being the responsibility of non-party "Holdco" Amshale, a Texas LLC in which Plaintiff and several other "minority shareholders" held an interest (Pet. ¶¶ 2, 23, 28);

- That in connection with its 2014 capital contribution to AEC, Amshale borrowed $18.5 million from Eucla, which loan was subject to absolute and unconditional guarantees by both Nikolaev and his fellow Amshale "minority shareholders" (Pet. ¶¶ 2, 24, 26);

- That in December 2015, Alternative entered into an agreement to sell its AEC units to two Amshale "minority shareholders," pursuant to which they would assume all of Alternative's rights and obligations with respect to AEC (Pet. ¶ 41);

- That Alternative's unit sale "violated" the AEC LLC Agreement's transfer restrictions, notwithstanding Plaintiff's concession that a "waiver" of those restrictions was obtained and that the requisite 90% of AEC's unitholders (including Amshale) expressly consented to the transaction in an Action by Written Consent of the Board of American Ethane Company, LLC and the Requisite Members of American Ethane Company, LLC, dated December 1, 2015 (the "<u>AEC Consent</u>"),[3] which was executed by AEC CEO and Management Director John Houghtaling II and other Management Directors (Pet. ¶¶ 43-44, 65; Ex. C);[4]

- That, "upon information and belief," Defendant Ballard transferred AEC funds to two Amshale "minority shareholders," which Plaintiff believes may have been used to fund their purchase of a portion of Alternative's units (Pet. ¶¶ 29, 43); and

- That despite the fact that Nikolaev is not a member of AEC or signatory to the AEC LLC Agreement, Nikolaev believes he should be treated as a "beneficial partial owner" and claims personal "detriment" of an unidentified type or amount as a result of the "advers[e] impact" on AEC (Pet. ¶¶ 22, 48).

## <u>ARGUMENT</u>

None of Nikolaev's allegations state a cause of action against Eucla or Alternative. To avoid dismissal, Nikolaev must plead facts sufficient "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

---

[3] The AEC Consent was executed by Amshale and Alternative, which collectively represented more than 97% of AEC's unitholders. *See* Ex. C; Ex. B at Schedule I.

[4] Moving Defendants are entitled to rely on "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see Agem Mgmt. Servs., LLC v. First Tenn. Bank Nat'l Assn.*,

*Twombly*, 550 U.S. 544, 570 (2007)).  A claim is only "plausible on its face," however, where the Plaintiff has pled specific *facts* that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Legal conclusions or mere "labels and conclusions" do not suffice.  *Agem Mgmt. Servs.*, 942 F. Supp. 2d at 617-18. The Petition does not satisfy this standard by any measure.

## A.    Plaintiff Failed to Properly Serve Moving Defendants

As a threshold matter, this action must be dismissed for insufficient service.  *See* Fed. R. Civ. P 12(b)(5); *McCoy v. Housing Auth. of New Orleans*, No. 15-398, 2015 WL 9204434, at *5 (E.D. La. Dec. 17, 2015).  Plaintiff bears the burden of proving valid service, but the information he already has supplied confirms that proper service was never made.

Indeed, despite having filed this case more than three months ago, Nikolaev still has not filed any affidavits of service attesting to the validity of service.  This failure is not surprising. Nikolaev claims to have "served" Alternative and Eucla by Federal Express delivery in Russia, the BVI and Cyprus.  However, courier delivery is not a proper substitute for Hague Convention service in this District or under Louisiana's long-arm statute.

Here, both Eucla and Alternative are non-U.S. companies that Plaintiff was required to serve using Hague Convention procedures.  *See, e.g.*, *NorthShore Reg'l Med. Ctr., L.L.C. v. Dill*, 115 So.3d 475, 480-81 (La. App. 2013) (citing *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990)); *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 383-85 (5th Cir. 2002).  Unilateral service by Federal Express does not comply with those procedures.  *See, e.g.*, *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 Fed. App'x 665, 672 (5th Cir. 2015) (Federal Express and mail service jurisdictionally improper under Hague Convention); *Nuovo Pignone*, 310 F.3d at 384 (Federal Express service improper because "the Hague Convention does not

---

942 F. Supp. 2d 611, 617-18 (E.D. La. 2013).  The Petition's specific references to the AEC LLC Agreement and the AEC Consent meet this standard.

permit service by mail"); *Am. River Transp. Co. v. M/V Bow Lion*, No. Civ. A. 03-1306, 2004 WL 764181, at *2 (E.D. La. Apr. 6, 2004) (rejecting mail delivery to Korean defendant).

Hague Convention service must instead be effected using each country's Central Authority.  *See NorthShore*, 115 So.3d at 481; *Blades v. Ill. Cent. R.R.*, Nos. 02-3242, 02-3276, 02-3327, 2003 WL 1193662, at *3 (E.D. La. Mar. 12, 2003) (requiring service using designated Canadian Central Authority or diplomatic process).  Eucla and Alternative are incorporated and have their registered addresses in the BVI and the Russian Federation respectively.  Plaintiff therefore was required to serve Moving Defendants using the designated Central Authorities.[5]

Plaintiff cannot contest that he never effected service on either Eucla or Alternative using proper Hague Convention procedures.  Nor did Plaintiff even *try* to serve Moving Defendants via BVI or Russian authorities before unilaterally "serving" them by Federal Express.  Such "service" was wholly improper, and the Petition therefore must be dismissed in its entirety pursuant to Rule 12(b)(5).  *See, e.g.*, *Avdeef*, 616 Fed. App'x at 672; *Nuovo Pignone*, 310 F.3d at 384; *Am. River Transp.*, 2004 WL 764181, at *2; *Blades*, 2003 WL 1193662, at *1-2.

## B.    Plaintiff Lacks Standing to Assert Any of His Claims

All of Nikolaev's claims also suffer from another common, fatal infirmity:  lack of standing.  Plaintiff's claims are premised on purported "violations" of the AEC LLC Agreement and AEC's "organizational documents" – alleged breaches that Nikolaev claims "harm[ed] the Project Company [AEC]" and injured the "continued operations of the Project Company."  Pet. ¶¶ 27-29, 42-44, 57, 62, 65, 67-68.  However, Plaintiff is *not* a member of non-party AEC and does not claim to be a party to the AEC LLC Agreement.  *See* Ex. B at Schedule I.  Nor, despite his claim to be a "beneficial partial owner" through his minority interest in Amshale, Pet. ¶¶ 22-23, is Plaintiff empowered to assert *any* claims on behalf of Amshale, which is in

---

[5] Notably, in adopting the Hague Convention's service procedures, the Russian Federation expressly rejected service by mail.  *See Kuklachev v. Gelfman*, No. 08-CV-2214, 2008 WL 5068860, at *4 (S.D.N.Y. Nov. 24, 2008).

bankruptcy and subject to the automatic stay imposed by 11 U.S.C. § 362.  *See In re Amshale Energy, LLC*, No. 16-33754 (Bankr. N.D. Tex.).  Plaintiff correspondingly has no standing to assert his claims.  *See Sherman v. Boston*, 486 S.W.3d 88, 94 (Tex. App. 2016) (rejecting conversion claim by LLC member given lack of standing to assert claims relating to company property); *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So.2d 1206, 1210 (La. 2006) (holding that "an action can only be brought by a person having a real and actual interest in the matter asserted").

*First*, whatever Nikolaev's views may be regarding the AEC LLC Agreement, he cannot assert claims under that agreement or any other AEC corporate document.  Under Texas law, which governs that agreement and the rights of AEC's members, Plaintiff has no right to assert claims relating to a contract to which he is not a party.[6]  *See, e.g.*, *Stewart Family Funeral Home, Ltd. v. Funeral Directors' Life Ins. Co.*, 410 F. Supp. 2d 514, 517 (E.D. Tex. 2006).  Moreover, even if Plaintiff were a member of AEC (which he is not), he could not personally seek damages for conduct affecting the company.  *See Gearhart Indus. v. Smith Int'l*, 741 F.2d 707, 721-22 (5th Cir. 1984) (holding that shareholders cannot assert fiduciary duty claims because any duties are owed to the company, not shareholders) (internal references omitted); *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990) (holding that "a corporate stockholder cannot recover damages personally for a wrong done solely to the corporation, even though he may be injured by that wrong").  This rule equally applies to LLCs.  *See, e.g.*, *Fowler v. Montis*, No. 13-13-00581-CV, 2014 WL 6602288, at *2 (Tex. App. Nov. 20, 2014) (finding that LLC's sole member lacked standing to assert claims for alleged harm to company); *Barrera v. Cherer*, No. 04-13-00612-CV, 2014 WL 1713522, at *2 (Tex. App. Apr. 30, 2014) (holding that LLC member lacks standing to assert personal claims relating to LLC property).

---

[6] *See* Ex. B § 15.12 ("All issues and questions concerning the application, construction, validity, interpretation and enforcement of this Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas . . . .").

*Second*, and relatedly, Plaintiff cannot assert claims arising from his fractional interest in Amshale.   Under 11 U.S.C. § 541(a)(1), all "legal or equitable interests of the debtor in property" – including any contract rights – constitute estate property that cannot be asserted by individual members or creditors.  *See Am. Nat'l Bank of Austin v. MortgageAmerica Corp.*, 714 F.2d 1266, 1274 (5th Cir. 1983).  Plaintiff thus lacks standing to assert claims predicated on any Amshale rights.  *See Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1253-54 (5th Cir. 1986) (finding shareholder claims improper following bankruptcy filing); *MortgageAmerica Corp.*, 714 F.2d at 1277 (holding that claims alleging fraudulent transfer of corporate funds were precluded by bankruptcy stay).  More generally, Texas' LLC standing rules apply no less equally to Amshale than to AEC.  Even without the bankruptcy stay, Nikolaev's fractional interest in Amshale thus does not give him the right to assert claims based on Amshale's membership interest in AEC.  *See Sherman*, 486 S.W.3d at 94 (LLC member "does not have an interest in any property of the company"); Tex. Bus. Orgs. Code Ann. § 101.106(b) (LLC member or assignee "does not have an interest in any specific property of the company").

Here, Nikolaev's core claim is that the AEC LLC Agreement and "organizational documents" were "violated" as a result of Alternative's 2015 unit sale, and that Plaintiff was indirectly injured (through his partial ownership interest in "Holdco" Amshale) by potential future impairment of AEC's "continued operations" and the loss of unspecified AEC "business opportunities."   Pet. ¶¶ 50, 57.   Nikolaev's generic references to "investments" and "losses" notwithstanding, none of this adds up to a claim by Plaintiff.  *See In re Chiron Equities*, 552 B.R. 674, 686-90 (Bankr. S.D. Tex. 2016) (dismissing shareholder fiduciary and fraud claims based on defendant's misuse of corporate funds); *Johnson v. King*, 541 B.R. 404, 409-10 (Bankr. N.D. Tex. 2015) (rejecting claim by majority member for LLC injuries and distributions).

*Third*, Plaintiff's effort to characterize himself as holding a "beneficial" interest in AEC and the AEC LLC Agreement fails as a matter of law.  Pet. ¶¶ 22, 68.  Under Texas law, a third party cannot assert contract rights unless the contracting parties clearly and expressly intended to directly benefit a third party.  *See Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011); *Sears Roebuck & Co. v. ACM Eng'g & Envtl. Servs.*, No. 14-11-00363-CV, 2012 WL 1137912, at *4 (Tex. App. Apr. 3, 2012).  To satisfy this standard, Plaintiff must establish that he is a direct and intended beneficiary of the AEC LLC Agreement, not merely someone who incidentally benefitted by its performance.  *See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) (third party benefit "must be clearly and fully spelled out or enforcement by the third party must be denied"); *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 929 (Tex. App. 2005) (same).  Louisiana law is the same for all relevant purposes.  *See, e.g.*, *Landry v. Base Camp Mgmt., LLC*, 2015 CA 1377, 2016 WL 6426618, at *3-4 (La. App. 2006); *Pearl River Basin Land & Dev. Co., L.L.C. v. State*, 29 So.3d 589, 594 (La. App. 2009); *Shreveport v. Gulf Oil Corp.*, 431 F. Supp. 1, 4 (W.D. La. 1975); *C.H. Leavell & Co. v. Glantz Contracting Corp. of La., Inc.*, 322 F. Supp. 779, 783 (E.D. La. 1971).[7]

The AEC LLC Agreement makes no reference whatsoever to Nikolaev.  In fact, the AEC LLC Agreement generally *disclaims* any and all third party interests.  In a section titled "*No Third-party Beneficiaries*," the AEC LLC Agreement states that it does not confer "*any legal or equitable right, benefit or remedy of any nature whatsoever*" upon third parties except as specifically provided in the agreement.  Ex. B § 15.9 (emphasis added).  The AEC LLC Agreement further states that it is for the "*sole benefit*" of its parties.  *Id*.  Such clauses are enforceable under both Texas and Louisiana law, and preclude any claim by Plaintiff as a third

---

[7] Louisiana courts also have emphasized that direct benefit to the third party must be part of the original consideration.  *See Dunham-Price Grp., L.L.C. v. Port Aggregates, Inc.*, No. 05 CV 2214, 2006 WL 2112953, at *6 (W.D. La. July 26, 2006); *Paul v. La. State Employees' Grp. Benefits Program*, 762 So.2d 136, 140 (La. App. 2000).

party "beneficiary." *See, e.g.*, *Donaldson v. United Cmty. Ins. Co.*, 741 So.2d 676, 682 (La. App. 1999) (rejecting right of action where agreement stated it did not "create any obligations or establish any rights" in favor of any third parties); *MCI*, 995 S.W.2d at 652 (enforcing disclaimer of non-signatory benefits); *Brunswick Corp. v. Bush*, 829 S.W.2d 352, 354-56 (Tex. App. 1992) (finding that shareholders were not third party beneficiaries where agreement expressly limited rights and remedies to parties).

## C.    Plaintiff Does Not Plead Breach of Any Fiduciary Duty

Nikolaev claims that, as a member of AEC, Alternative "owes a formal fiduciary duty of loyalty to [AEC] and its other members" that purportedly was breached by agreeing to sell its AEC units to Plaintiff's fellow Amshale shareholders.  Pet. ¶¶ 62, 63.  Nothing about Nikolaev's relationship with AEC translates into fiduciary duty claims against the Moving Defendants.[8]

Under Louisiana law, it is Nikolaev's burden to plead facts establishing a relationship of special trust and confidence in which Defendants undertook to act primarily for Nikolaev's benefit in a particular endeavor.  *See, e.g.*, *Brees v. Houser*, No. 13-4760, 2014 WL 3587333, at *6 (E.D. La. July 21, 2014); *Scheffler v. Adams & Reese, LLP*, 950 So.2d 641, 648 (La. 2007); *Priola Constr. Corp. v. Profast Dev. Grp., Inc.*, 21 So.3d 456, 461 (La. App. 2009).  Louisiana law also prevents nonmembers from asserting breaches by officers and other members.  *See Mathews v. Bancorpsouth Bank*, No. 09-910-JJB, 2010 WL 797790, at *6 (M.D. La. Mar. 1, 2010).

The same is true under Texas law, which directly applies to any fiduciary duty claims predicated upon Plaintiff's relationship to AEC and its members.  *See Tow v. Bulmahn*, No. 15-3141, 2016 WL 1722246, at *6 (E.D. La. Apr. 29, 2016).  Under Texas law, Nikolaev must allege three elements: "(1) a fiduciary relationship between the plaintiff and defendant; (2) the

---

[8] The Petition appears to assert a breach of fiduciary duty claim only against Alternative, and not Eucla.  *See* Pet. ¶¶ 62-63.  However, because of Plaintiff's general lack of clarity we address both Moving Defendants here.

defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. 2006). Fiduciary relationships are extraordinary, and "mere subjective trust does not convert an arms-length transaction into a fiduciary relationship." *Med. Specialist Grp., P.A. v. Radiology Assocs., L.L.P.*, 171 S.W.3d 727, 730 (Tex. App. 2005).

Moreover, where they exist, fiduciary duties are owed to the company itself, not shareholders or third parties. *See Tow*, 2016 WL 1722246, at *6; *see also In re Chiron Equities*, 552 B.R. at 686-90 (dismissing shareholder fiduciary duty claim premised on defendant's misuse of corporate funds, holding that "a corporate stockholder cannot recover damages personally for a wrong done solely to the corporation") (internal quotations omitted). Members of closely-held Texas companies and LLCs do not owe any individual fiduciary duties to their co-shareholders. *See In re Chiron Equities*, 552 B.R. at 688; *Scherrer v. Haynes & Boone, L.L.P.*, No. 09-99-01164-CV, 2002 WL 188825, at *2 (Tex. App. Feb. 7, 2002). By agreement, organizational documents also may otherwise waive any existing fiduciary duties on the part of members, officers, or directors. *See* Tex. Bus. Orgs. Code Ann. § 101.401; *see also Hardwick v. Smith Energy Co.*, 500 S.W.3d 474, 485 (Tex. App. 2016) (holding that "no fiduciary duties [were] owed as a matter of law" between parties that "expressly disclaimed any fiduciary duties owed to one another" in joint venture operating agreements).[9]

Plaintiff fails to allege *any* legal relationship between himself and Moving Defendants that could create such duties. Nikolaev's fiduciary duty claim does not indicate how his dealings with Eucla could support any fiduciary obligations on Eucla's part. The only relationship between Nikolaev and Eucla is one of debtor and creditor, with Nikolaev having agreed to personally guarantee Amshale's loan obligations to Eucla. Pet. ¶¶ 2, 24, 26. This is not a

---

[9] Like Louisiana, Texas's business judgment rule automatically insulates corporate insiders from fiduciary duty claims except in the case of fraud, *ultra vires* actions, or personal interest. *See Tow*, 2016 WL 1722246, at *13.

"fiduciary" relationship as a matter of law.  *See, e.g.*, *Jones v. Wells Fargo Bank, N.A.*, No. 4:12cv446, 2013 WL 4414321, at *1 (E.D. Tex. Aug. 13, 2013) (borrower-lender relationship does not create fiduciary duty); *Landreneau v. Fleet Fin. Grp.*, 197 F. Supp. 2d 551, 557 (M.D. La. 2002) (finding that "a financial institution only owes to a borrower the duty of complying with the contract between the institution and the borrower").

As for Alternative, there is no relationship – alleged or otherwise – between Nikolaev and Alternative.  The Petition asserts that "[a]s a member of [AEC], LLC Alternative owes a formal fiduciary duty and a duty of loyalty to [AEC] and its other members."  Pet. ¶ 62.  However, Nikolaev's own pleadings and the AEC LLC Agreement he cites make plain that he is *not* a member of AEC, and that any alleged economic interest he has in that "Project Company" is an indirect, "partial," and "beneficial" one through Amshale – a bankrupt "Holdco" in which Nikolaev merely holds a partial interest.  The AEC LLC Agreement also plainly states that it does *not* create or impose any fiduciary duties on the Project Company's members or their affiliates, and that AEC's members (which did not include Nikolaev) waived any and all such duties in any event.  *See* Ex. B § 11.2(a) ("This Agreement is not intended to, and does not, create or impose any fiduciary duty on any Covered Person. . . .  [E]ach of the Members and the Company hereby waives any and all fiduciary duties that, absent such waiver, may be implied by Applicable Law . . . .").  These waivers are strictly enforceable under Texas law.  *See Scherrer*, 2002 WL 188825, at *2.

Under Texas law, these infirmities alone require dismissal.  *See Tow*, 2016 WL 1722246, at *7-8 (dismissing fiduciary duty claims based on harm to creditors of insolvent company); *Broussard v. Tipton*, No. 2013-1268, 2014 WL 3559371, at *4 (La. App. 2014) (rejecting fiduciary duty claims where plaintiff did not hold direct membership interest in LLC).  Nor does Nikolaev's conclusory allegation that Alternative acted "to benefit itself" at Nikolaev's "direct

expense" alter this conclusion, Pet. ¶ 63, as such claims are not sufficient to support liability under Texas law.  *See, e.g.*, *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992); *Med. Specialist Grp.*, 171 S.W.3d at 730.  Even where a plaintiff has suffered some injury, fiduciary duty claims may only be asserted if the parties' preexisting relationship and operative corporate agreements support direct liability.  *See Mathews*, 2010 WL 797790, at *6-7 (rejecting guarantors' claim that corporate officers engaged in "intentional and fraudulent breach of duties" by impairing plaintiffs' contractual rights in real estate project, triggering unnecessary default on promissory note guaranteed by plaintiffs); *see also Gearhart Indus.*, 741 F.2d at 721 (rejecting shareholder's direct claims for breach of corporate obligations, holding that directors' duties of loyalty and care "run to the corporation, not to the individual shareholders or even to a majority of the shareholders"); *Tow*, 2016 WL 1722246, at *7 (same).

Finally, even if there was a "fiduciary" relationship between Nikolaev and Moving Defendants, Nikolaev pleads no facts establishing a "breach" by Moving Defendants or a cognizable "injury" suffered by Nikolaev.  Plaintiff complains that Alternative's sale of AEC units to Nikolaev's fellow Amshale "minority shareholders" was "in violation of" lockup restrictions contained in the AEC LLC Agreement.[10]  Pet. ¶¶ 28-29.  But he nonetheless *concedes* that AEC secured a "*waiver*" of those restrictions.  *Id.* ¶ 43.  That waiver, in the form of the AEC Consent, expressly *authorized* AEC and its members to take all actions deemed necessary to consummate that same unit sale transaction, and was executed by AEC's Management Directors (including AEC CEO John Houghtaling II) and Amshale.  *See* Ex. C.  Moreover, while Plaintiff now claims, on "information and belief," that Nikolaev's fellow Amshale "minority shareholders" secured AEC funds from Defendant Ballard to pay for their purchase, nowhere

---

[10] Because Nikolaev's claims and Moving Defendants' supposed duties are based wholly on a contract, and Nikolaev does not assert non-economic damages, the "Economic Loss Doctrine" also bars Plaintiff's tort claims.  *See Meredith v. Rose*, No. 05-15-00045-CV, 2016 WL 4205686, at *8-9 (5th Cir. Aug. 9, 2016); *TS&C Invs. L.L.C. v. Beusa*

does the Petition allege any *facts* indicating that Moving Defendants played any role in that transfer or that Plaintiff suffered any direct, personal injury as a result. *See* Pet. ¶ 29. Indeed, Nikolaev has represented in other court filings that his fellow Amshale shareholders received a *loan* directly from AEC, which is managed on a daily basis by AEC CEO Houghtaling. *See* Ex. D.[11] Whatever complaints Nikolaev may now have against his Amshale business partners Houghtaling, Yuriev, and Kunatbaev as a result of their conduct, Plaintiff's generic allegations of harm to AEC and its potential business prospects have nothing to do with Moving Defendants.

**D.     Plaintiff's Vague Fraud Allegations Do Not State a Claim**

Nikolaev asserts a general claim for "fraud" against Eucla and "Investment Member" (presumably Alternative), alleging that they caused "a direct loss to Plaintiff through a misrepresentation of an intent to improperly withdraw funds from the Project Company [AEC]…." Pet. ¶ 55. These broad-brush fraud allegations do not satisfy Rule 9(b) or state a coherent claim.

Under Louisiana law, a plaintiff asserting fraud claims must establish that "a misrepresentation or suppression of the truth [was] made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. Nikolaev thus bears the burden of demonstrating that (1) Moving Defendants made affirmative misrepresentations or a material omission of facts tantamount to misrepresentation; (2) any misrepresented facts were known by Moving Defendants to be false and were made for the express purpose of deceiving Nikolaev and inducing his reliance; and (3) Nikolaev actually and reasonably relied on Moving Defendants' misrepresentations with resultant injury. *See*

---

*Energy, Inc.*, 637 F. Supp. 2d 370, 376-81 (W.D. La. 2009); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).

[11] This Court may take judicial notice of the fact of such filings and representations. *See Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015). Nikolaev's assistant also has filed an affirmation relaying second-hand that the "minority shareholders" obtained their funds through a "loan from American Ethane itself." Ex. E ¶ 15.

*Becnel v. Grodner*, 982 So.2d 891, 894 (La. App. 2008); *see also Nussli US, LLC v. Nola Motorsports Host Comm., Inc.*, No. 15-2167, 2016 WL 4064011, at *9-10 (E.D. La. July 29, 2016) (dismissing fraud claim given failure to identify when, where, or how representations were made or relied upon).  Texas law is substantively identical in this respect.  *See Burns v. Wells Fargo Bank NA*, No. 3:14-CV-3866-G-BH, 2015 WL 5851376, at *2-3 (N.D. Tex. Oct. 7, 2015).

Rule 9(b) likewise requires that the circumstances constituting fraud be "state[d] with particularity."  Fed. R. Civ. P. 9(b).  Under Fifth Circuit precedent, Rule 9(b) is strictly applied, requiring Nikolaev to identify specific *factual* support for his claims, "identify[ing] the speaker, stat[ing] when and where the statements were made, and explain[ing] why the statements were fraudulent."  *Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 719-20 (E.D. La. 2009) (internal quotations omitted); *see Dignam v. Chumley*, No. 14-1029, 2014 WL 3542122, at *2-4 (W.D. La. July 17, 2014) (same).  Nikolaev also must allege specific facts – not just generic accusations – sufficient to establish fraudulent intent.  *See Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs. LLC*, No. 12-1979, 2015 WL 4254130, at *7 (E.D. La. July 13, 2015).  Group pleading is not permitted.  *See Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 3d 581, 594 (E.D. La. 2014) (dismissing general claims that "defendants (or their representatives)" engaged in acts of fraud and misrepresentation by hiding or actively concealing facts, given failure to identify specific fraudulent conduct or "distinguish among . . . defendants") (internal quotations omitted).

In light of these standards, Nikolaev's threadbare fraud allegations against Moving Defendants cannot stand.  <u>*First*</u>, Nikolaev does not identify *any* material misrepresentations to him or anyone else.  The Petition complains variously of general "detriment" to Plaintiff, an "unauthorized" transfer by Defendant Ballard to nonparties of AEC funds, and a sale of

Alternative's AEC units that purportedly "violated" the AEC LLC Agreement."[12]   However, Plaintiff nowhere alleges that *Moving Defendants* ever made any *statement* to him, let alone a *misstatement* upon which he relied to his detriment.   Plaintiff instead refers generally to all defendants without identifying the specific fraudulent statement(s) made by Eucla or Alternative, wholly omitting the "who, what, when, and where" allegations required by applicable law.   This alone requires dismissal.   *See, e.g.*, *Nussli*, 2016 WL 4064011, at *9 (dismissing fraud claim arising from failed business arrangement, noting plaintiff's failure to allege "when or where these representations were made . . . or how they were communicated to [plaintiff] such that [plaintiff] justifiably relied upon these statements"); *Operaciones Tecnicas Marinas*, 2015 WL 4254130, at *7-8 (rejecting fraud claim where plaintiff failed to allege specific facts establishing that defendant induced plaintiff's conduct based on false statements); *Bonvillain v. La. Land & Exploration Co.*, 702 F. Supp. 2d 667, 677-80 (E.D. La. 2010) (dismissing fraud claims where plaintiff failed to plead specific fraudulent statements, identify particular officers responsible for statements, or establish intent to defraud apart from submission of false tax reports).

Second, Nikolaev fails to plead "fraud" by way of actionable omission or concealment. No general duty of disclosure exists under Louisiana or Texas law.   Instead, a duty to speak only arises in "special circumstances," such as where the parties have a fiduciary relationship creating an affirmative duty to disclose.   *See In re Gulf States Long Term Acute Care of Covington, L.L.C.*, Nos. 11-1659, 13-508, 2014 WL 1600373, at *4-5 (E.D. La. Apr. 21, 2014); *Greene v. Gulf Coast Bank*, 593 So.2d 630, 632 (La. 1992); *Becnel*, 982 So.2d at 894-95; *see also Davis-Lynch, Inc. v. Asgard Techs., LLC*, 472 S.W.3d 50, 60-61 (Tex. App. 2015) (rejecting allegation that agreement between independent contractor and facilities company created "special relationship" giving rise to obligation to disclose results of background checks).

---

[12] As indicated previously, the Petition and its referenced corporate documents confirm that Alternative's unit sale was expressly approved and consented to in writing by Amshale and AEC.  *See* Pet. ¶ 43; Ex. C.

Here, Plaintiff identifies neither actionable omissions nor a relationship between the parties that could support any affirmative duty of disclosure.  Notably, the "waiver" referenced in the Petition makes clear that Alternative's sale of its membership units in AEC – the transaction that Plaintiff now labels a "fraud" for "obtain[ing] an unjust advantage" of "no benefit to the Project Company [AEC]" – was *not* concealed from the AEC Board and was expressly approved by both AEC and Amshale.  *Compare* Ex. C, *with* Pet. ¶¶ 55-56.  Amshale, the non-party in which Nikolaev holds a minority interest, therefore *knew* about and approved the very transaction about which Nikolaev now complains.  Plaintiff's "information and belief" pleading that defendant Ballard transferred AEC funds to his fellow Amshale shareholders so that they could pay for Alternative's units likewise does not assert any facts establishing that Alternative *knew* about or had anything to do with this – a conclusion that is only reinforced by Nikolaev's New York court filings representing that the funds in question were "*loaned*" by AEC to other non-party Amshale members.[13]  *See* Pet. ¶ 29; Ex. D; Ex. E ¶ 15.

More fundamentally, even if the AEC unit transaction at issue here had not been fully disclosed, Plaintiff's pleadings do not identify any independent disclosure *duties* owed to him by Eucla or Alternative.  The Petition does not identify any affirmative statements by Moving Defendants to Nikolaev that were rendered incomplete or otherwise misleading as a result of any omissions.  Nor, as addressed previously, do any of his allegations support the existence of an independent fiduciary relationship.  *See supra* at 11-12; *see also Green v. Guidry*, No. 11-2466, 2012 WL 5507286, at *5 (E.D. La. Nov. 14, 2012) (Barbier, J.) (dismissing fraud claim where defendant had no independent duty to advise plaintiff).  Plaintiff's own pleadings underscore that

---

[13] Under established Fifth Circuit law, fraud pleadings may be made on "information and belief" only when the underlying facts are peculiarly within the defendant's knowledge, and even then the complaint must set forth the specific factual basis for such belief.  *See In re Gulf States*, 2014 WL 1600373, at *2; *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384-85 (5th Cir. 2003).  The Petition does not identify the basis for Nikolaev's "information and belief" pleading, and the underlying facts relevant to this matter are wholly within the possession of Nikolaev and his fellow Amshale shareholders.  Alternative received the entirety of its payment directly from the buyer, YK Holdings.

his only relationship with Eucla is as a guarantor of Amshale's preexisting loan obligations, which at best is a debtor-creditor relationship. *See Landreneau*, 197 F. Supp. 2d at 557-58 (holding that a debtor-creditor relationship does not create fiduciary duties unless otherwise specified in a written contract). The Petition contains no allegations regarding any other relationship (or contact) with Moving Defendants, much less any that could support a claim of fraud. *See In re Gulf States*, 2014 WL 1600373, at *4-5 (rejecting fraud claim given absence of "special relationship of confidence or trust" in which defendant undertook "to act primarily for the benefit of the principal in a particular endeavor") (internal quotations omitted); *JBM Equity Partners, LLC v. Central Progressive Bank*, No. 10-1032, 2013 WL 139889, at *3 (E.D. La. Jan. 10, 2013) (dismissing fraud claims given absence of specific allegations regarding special relationship).

Reading between the lines, Nikolaev's real complaint here is not with any "fraud" by Eucla or Alternative – neither of which had any contact or relationship with Nikolaev that could support such a claim. Rather, Plaintiff principally complains of corporate actions undertaken by AEC's members and management in alleged contravention of the AEC LLC Agreement. Plaintiff makes much out of these alleged "misdeeds," Pet. ¶ 34, but none of this adds up to a claim of fraud. *See Pinero*, 594 F. Supp. 2d at 720 (rejecting fraudulent inducement claim arising from defendants' alleged nonperformance, noting that "'there is no inference of fraudulent intent not to perform from the mere fact that a promise made is subsequently not performed'") (quoting *Willard*, 336 F.3d at 386). Merely labeling alleged contract violations as "fraud" does not make them viable tort claims, even where the purported breach is alleged to have been intentional. *See, e.g.*, *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (rejecting fraud claim premised on allegation that plaintiff "falsely and recklessly or knowingly" committed to oral agreement to employ and compensate CEO); *Peaker Energy Grp., LLC v.*

*Cargill, Inc.*, No. 14-2106, 2015 WL 4879415, at *11-14 (E.D. La. Aug. 13, 2015) (holding that "[f]ailure to perform as promised, or nonperformance of an agreement to do something at a future time . . . is alone not evidence of fraud"); *JBM Equity Partners,* 2013 WL 139889, at *4 (holding that fraud cannot be predicated on unfulfilled promises or nonperformance under applicable contracts); *Operaciones Tecnicas Marinas,* 2015 WL 4254130, at *8 (finding that plaintiff's fraud claim was "futile" because it failed to allege a fraud claim that was "plausible on its face" and plaintiff did not allege facts as to motive or intent to commit fraud).

    *Third,* and finally, whatever his "fraud" theory may be, Plaintiff does not identify how or why he reasonably *relied* on any alleged fraud to his personal economic detriment.  Under both Louisiana and Texas law, Plaintiff must plead facts establishing that his reasonable reliance on a fraudulent statement or omission proximately caused a direct personal injury to him.  *See In re Gulf States*, 2014 WL 1600373, at *6 (dismissing fraud claim where plaintiff failed to plead facts sufficient to establish reasonable reliance on defendant's representations or how such reliance harmed plaintiff); *Bonvillain*, 702 F. Supp. 2d at 680-81 (holding that plaintiff failed to allege facts demonstrating reliance on "specific [tax form] information" and "why he relied on it").  Nikolaev pleads no facts establishing reliance or causation, alleging only indirect "detriment" caused by alleged violations of the AEC LLC Agreement.  Pet. ¶ 55.  Moreover, Nikolaev's only references to reliance are his diffuse claims that he agreed to invest in Amshale "on the condition" that Defendant Ballard "would follow the Project Company Operating Agreement," that he guaranteed Amshale's loan based on his "understanding" that the AEC LLC Agreement would be followed, and that he indirectly suffered unidentified harm as a result.  Pet. ¶¶ 30, 46, 52.

    These are not *bona fide* fraud claims, but meritless contract claims masquerading as equally meritless claims of fraud.  *See Metro. Life Ins. Co. v. Haden & Co.*, No. 97-20490, 1998

WL 648603, *6 (5th Cir. Sept. 9, 1998) ("As a general rule, plaintiffs cannot turn what are essentially contract claims into tort claims by artfully pleading their causes-of-action and damages."). In any event, even if Plaintiff had pled reliance, he nowhere identifies any personal damages *caused* by that reliance. The Petition and its referenced documents confirm that Plaintiff's loan guaranty obligations first arose in 2014 – more than one-and-a-half years *before* the AEC unit sale transaction he now complains of – and the obligations he guaranteed were Amshale's, not AEC's. Pet. ¶¶ 24, 26. Amshale is in bankruptcy, and Nikolaev does not allege that any aspect of his claim involves Amshale funds. Under these circumstances, Nikolaev can hardly claim that he "relied" on Eucla or Alternative in any respect, much less that he was personally harmed by anything that AEC and its members did.

## E.     Plaintiff Does Not State a Claim for Unfair Competition

Nikolaev's pleadings likewise fail to state a claim for unfair competition under Louisiana's Unfair Trade Practices Act ("LUTPA"). *See* La. Rev. Stat. Ann. § 51:1405(A). Louisiana courts have held that LUTPA violations must "offend[] established public policy and . . . [be] immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So.3d 1053, 1059 (La. 2010) (internal quotations omitted); *see Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000) (same).[14] The range of practices prohibited under LUTPA is thus "extremely narrow," and "only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA." *Cheramie*, 35 So.3d at 1060; *see Nussli*, 2016 WL 4064011, at *10 (same); *Green*, 2012 WL 5507286, at *6 (rejecting

---

[14] *See also Schenck v. Living Centers-East, Inc.*, 917 F. Supp. 432, 439 (E.D. La. 1996) (rejecting LUTPA claim by representative of estate based on allegation that defendant operator of nursing home failed to provide adequate care for decedent, holding that this did not constitute "the type or level of egregious conduct sufficient to support a LUTPA violation"); *Lilawanti Enters. v. Walden Book Co.*, 670 So.2d 558, 561 (La. App. 1996) (rejecting LUTPA claim based on "conclusory allegations" that defendant's failure to provide consent to permit lessee company to sublease building was "against moral rules and good faith, was unethical, oppressive, and unscrupulous and it offended public policy").

LUTPA claim against insurance agent for failing to advise plaintiff of eligibility for preferred risk policy, noting absence of affirmative fraudulent conduct).

Here, the Petition does not identify any "fraud" or other affirmative misconduct by Eucla or Alternative that could satisfy this strict standard.  _First_, as addressed above, Plaintiff does not plead any misrepresentations or fraudulent conduct by Moving Defendants.  *See Nussli*, 2016 WL 4064011, at *11 (dismissing LUTPA claim where plaintiff did not plead misleading statements beyond "simple breaches of contract"); *Pinero*, 594 F. Supp. 2d at 720-21 (dismissing LUTPA claim where plaintiff did not plead fraud with requisite particularity).  Indeed, Nikolaev does not identify any statements made to him in any form.

_Second_, Nikolaev's pleadings do not identify any special relationship – fiduciary or otherwise – of the type that Louisiana courts have relied upon when imposing LUTPA liability. *See, e.g.*, *Clark v. America's Favorite Chicken Co.*, 916 F. Supp. 586, 593 (E.D. La. 1996); *Shaw Indus., Inc. v. Brett*, 884 F. Supp. 1054, 1058 (M.D. La. 1994).  As discussed above, Nikolaev's only relationship with Eucla is as guarantor of Amshale's loan, and Plaintiff identifies no relationship whatsoever with Alternative.   Without more, Moving Defendants thus have no affirmative duties to Plaintiff that could support a LUTPA claim.  *See Green*, 2012 WL 5507286, at *6 (holding that "the Court is unable to locate any Louisiana case in which a Louisiana court found a violation of LUTPA based on a party's failure to make a disclosure that the party had no duty to make"); *United Grp. of Nat'l Paper Distribs., Inc. v. Vinson*, 666 So.2d 1338, 1346-48 (La. App. 1996) (rejecting LUTPA claim where defendant did not breach any duty or affirmative obligation).

_Third_, even if Nikolaev could identify a "violation" of the AEC LLC Agreement – which he cannot – his core allegations do not support a LUTPA claim.  As the Fifth Circuit and Louisiana courts have held, LUTPA is not an alternative to ordinary breach of contract claims, as

"[t]here is a great deal of daylight between a breach of contract claim and the egregious behavior [LUTPA] proscribes." *Turner v. Purina Mills. Inc.*, 989 F.2d 1419, 1422-24 (5th Cir. 1993); *see Clark*, 916 F. Supp. at 593 ("LUTPA does not provide an alternative cause of action for breach of contract."); *see also Lang v. Sproull*, 36 So.3d 407, 417-18 (La. App. 2010) (holding that "mere breach of a contract is not actionable under [LUTPA]").   Nor does it allow Nikolaev to seek damages from Moving Defendants because he now claims AEC's members did not adhere to the AEC LLC Agreement.   *See, e.g.*, *Tulane Educ. Fund v. Biomeasure, Inc.*, No. 08-5096, 2011 WL 3268108, at *5-7 (E.D. La. July 28, 2011) (dismissing LUTPA claim premised on defendant's failure to follow through on promised settlement agreement, holding that "this conduct cannot be distinguished from, at most, a simple breach of contract"); *Shaw*, 884 F. Supp. at 1057-58 (dismissing LUTPA claim premised on defendant's failure to keep promises made in exchange for letter of intent).[15]

In any event, even if contractual "violations" could support LUTPA claims, none of Nikolaev's allegations against Moving Defendants reflect the type of egregious, immoral activity required by Louisiana law.   *See, e.g., Turner*, 989 F.2d at 1422; *Cheramie*, 35 So.3d at 1060. The "organizational documents" and "waiver" referenced in Plaintiff's Petition confirm that the unit sale transaction Nikolaev complains of was expressly approved and authorized by both Amshale and AEC.   *See* Ex. C.   Alternative's unit sale therefore was not "wrongful" in any respect.   As for Plaintiff's "information and belief" claims relating to Defendant Ballard's alleged transfer of AEC funds to Nikolaev's fellow Amshale "minority shareholders" – which Nikolaev has characterized in other court filings as a "loan" by AEC – the Petition contains *no* factual

---

[15] *See also Cargill Inc. v. Degesch Am., Inc.*, 875 F. Supp. 2d 667, 676-77 (E.D. La. 2012) (dismissing LUTPA claim premised on alleged false certification of conformity with contractual and regulatory requirements, holding that claim was akin to a breach of contract claim and did not "adequately allege[] defendants' intent to deceive" or "egregious wrongdoing"); *Landreneau*, 197 F. Supp. 2d at 556-57 (dismissing LUTPA claims premised on violations of cardholder agreement, holding that claims were "more analogous to a breach of contract claim rather than an unfair trade practice claim").

allegation that either Alternative or Eucla had *any* knowledge of or involvement with that transfer.

**F.      Plaintiff Does Not State A Claim for Detrimental Reliance**

Nikolaev's detrimental reliance claim also must be dismissed.  To state a claim for detrimental reliance, a plaintiff must allege "a representation by conduct or work; justifiable reliance thereon; and a change in position to one's detriment because of the reliance."[16]  *Orr v. Bancroft Bag, Inc.*, 687 So.2d 1068, 1070 (La. App. 1997); *see Andrus v. Andrus*, 634 So.2d 1254, 1258 (La. App. 1994).  Such claims are not favored in Louisiana.  Courts therefore scrutinize detrimental reliance claims carefully and strictly.  *See Cakebread Art Antiques Collectables, Inc. v. Keno*, No. 16-12737, 2016 WL 6679990, at *4 (E.D. La. Nov. 14, 2016) (citing *Caplan v. Ochsner Clinic, L.L.C.*, 799 F. Supp. 2d 648, 657 (E.D. La. 2011)).

The Petition does not allege any facts that could satisfy this strict standard.  Nikolaev does not identify how he detrimentally changed his position based on any promise by Moving Defendants.  Rather, the Petition merely alleges – with no further detail – that Nikolaev expected that they would "operate under the spirit and letter" of the AEC LLC Agreement and "reasonably relied upon the representations of Defendants to his detriment."  Pet. ¶ 69.  This does not constitute a "representation," let alone one giving rise to justifiable reliance or detriment.  Moreover, to the extent that Nikolaev's claim is premised on his 2014 guaranty of Amshale's loan obligations to Eucla, that guaranty predated the alleged unit sale "violations" at issue in this case by more than one-and-a-half years.  Plaintiff has not identified any aspect of this prior obligation that involved either a promise relating to his current claims or a change in position.

Moreover, as with Plaintiff's other claims, Plaintiff cannot premise standalone detrimental reliance claims on alleged "violations" of the AEC LLC Agreement.  As the Fifth

---

[16] Under Texas law, there is no separate cause of action for detrimental reliance, although the elements of a claim for promissory estoppel are substantially similar.  *See Trevino & Assocs. Mech., L.P. v. Frost Nat. Bank*, 400 S.W.3d

Circuit has observed, the existence of a valid contract defining the parties' rights is fundamentally inconsistent with such claims. *See Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 407 (5th Cir. 2004) (finding dismissal proper "[i]n light of the unambiguous contract, the integration clause, and caselaw providing that reliance on extra-contractual representations are unreasonable as a matter of law when the parties' rights and obligations are clearly defined by contract"); *see also Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1328-30 (5th Cir. 1994) (holding that any alleged promises "were outside the scope of the fully-integrated, written agreements"). Plaintiff does not identify any promises distinct from the AEC LLC Agreement, and he does not indicate how or why the strict limitations of that agreement should be disregarded in favor of his current claims. Nikolaev's detrimental reliance claim therefore fails as a matter of law.

## G.     Plaintiff's Requested Relief is Improper

Finally, Plaintiff's requested relief does not match his claims. Buried among his principal requests for unspecified economic "damages" and a declaration that the Alternative unit sale is a nullity, Plaintiff offers up a *non sequitur* request that this Court "invalidate" Nikolaev's Eucla loan guaranty. *See* Pet. ¶ 66. However, the Petition never claims that the terms of that guaranty were breached in any way, and Plaintiff does not assert any contract claim against Eucla. Nor does he identify how his tort and other claims relating to the AEC LLC Agreement or Alternative's unit sale could support such relief. As indicated, Nikolaev and Amshale's other members are the subjects of a pending New York Supreme Court summary judgment proceeding directly addressing Eucla's loan-related rights and remedies. *See supra* at 3, n.2. The New York court ultimately will decide the scope of those rights, but those claims have nothing to do with the underlying substance of the claims asserted here. Plaintiff's Eucla-related request for relief is

---

139, 146 (Tex. App. 2013); *Garcia v. Lucero*, 366 S.W.3d 275, 281 (Tex. App. 2012).

therefore improper and should be rejected.  *See Williams v. Nelson*, No. 04-C-774-C, 2005 WL 755770, at *1 (W.D. Wis. Mar. 29, 2005) (denying relief sought by plaintiff because "he may not request relief for injuries that are beyond the scope of the claims in this lawsuit").

## **CONCLUSION**

For all of the foregoing reasons, Alternative and Eucla respectfully request entry of an order dismissing this action with prejudice.

Dated:  New Orleans, Louisiana
          January 23, 2017

Respectfully submitted,

ADAMS AND REESE LLP

By:       */s/ Robin B. Cheatham*
       Robin B. Cheatham (#4004)
       Scott R. Cheatham (#31658)
       4500 One Shell Square
       New Orleans, LA  70139
       (504) 585-0213
       robin.cheatham@arlaw.com

-and-

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

Stephen M. Juris (*pro hac vice* admission pending)
Neaha P. Raol (*pro hac vice* admission pending)
One New York Plaza
New York, NY 10004
(212) 859-8000
stephen.juris@friedfrank.com

*Attorneys for Defendants LLC "Alternative"*
*and Eucla Investments Limited*